IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-591-FL

| | |
|---|---|
| SYLVIA E. BRUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-21 & 25). The time for filing any responses or replies has expired, and, therefore, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 5, 2010, alleging disability beginning January 19, 2010. (Tr. 9). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision

dated May 5, 2011. *Id*. at 9-17. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on August 27, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on October 25, 2011. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

<u>Mastro v. Apfel</u>, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 19, 2010. (Tr. 11). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) residuals of bilateral total knee replacement; 2) hypertension; 3) hypothyroidism; and 4) cervical and lumbar degenerative disc disease. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id*. at 12. The ALJ then determined that Plaintiff was not capable of performing her past relevant work. *Id*. at 15. However, based on the testimony of a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Accordingly, the ALJ determined that Plaintiff had not been under a disability from January 19, 2010 through May 5, 2011. *Id*. at 16-17.

On September 6, 2011, Defendant awarded Plaintiff SSI. (DE-22-1, pg. 1). In so doing, Defendant specifically stated that "[a]s of May [31,] 2011 [Plaintiff] met all the rules to be eligible for SSI based on being disabled." *Id.* at 1-2

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [.]" 28 U.S.C. § 405(g). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." <u>Wilkins v. Secretary, Dep't of Health & Human Services</u>, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*). The new evidence must "relate to the period on or before the date of the administrative

law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. *See*, Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

The September 6, 2011 determination is new and material evidence. *See*, Bryant v. Astrue, 2012 WL 895425, * 7 (E.D.N.C. February 10, 2012)("a subsequent finding of disability can constitute new and material evidence that could change the outcome of the first decision"), *Report and Recommendation Adopted by*, 2012 WL 896147 (E.D.N.C. March 15, 2012); Laney v. Astrue, 2011 WL 6046312, * 2 (E.D.N.C. December 5, 2011)("finding of disability commencing only one day after the first ALJ's denial of disability is new and material evidence."); Floyd v. Astrue, 2010 WL 2326508, *3 (E.D.N.C. April 26, 2010)(" discrepancies between . . . [decisions] call into question whether the ALJ considered all material evidence in the record before reaching his decision"), *Report and Recommendation Adopted by*, 2010 WL 2326506 (E.D.N.C. June 8, 2010). *But see*, Atkinson v. Astrue, 2011 WL 3664346, * 17 (E.D.N.C. July 20, 2011)(remand not required where a sixth month gap existed between the issuance of the first decision and the disability date in the subsequent decision).

Here, Plaintiff alleges that her "favorable disability decision was made on the same basis for which she sought disability benefits on her previous application . . ." (DE-22, pg. 13). Likewise, Plaintiff correctly notes that there was only a short intervening period between the two findings during which Plaintiff's condition could have deteriorated. Indeed, one portion of the second decision notes simply that Plaintiff has been disabled as of "May, 2011". (DE-22-2, pg. 1).

Finally, the subsequent decision did not issue prior to the Appeals Council's denial of review, which constitutes good cause for failure to incorporate the new evidence into the prior proceeding, as required by 28 U.S.C. § 405(g).

Accordingly, it is HEREBY RECOMMENDED that the decision dated May 5, 2011 be vacated and remanded pursuant to sentence six of 28 U.S.C. § 405(g) for the purpose of determining the precise onset date of Plaintiff's disability.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, October 11, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE