IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-591-FL

| | | |
|---|---|---|
| SYLVIA E. BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter earlier came before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb, wherein it was recommended that plaintiff's motion for judgment on the pleadings be granted, and that defendant's motion for judgment on the pleadings be denied, and that defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings. For reasons stated within the court's order dated March 29, 2013, the court adopted the conclusion of the magistrate judge and remanded the case pursuant to sentence six of 42 U.S.C. § 405(g). On May 21, 2013, defendant filed the instant motion for relief from the court's order under Fed. R. Civ. P. 60(b)(6) (DE 31). Plaintiff filed a response in opposition on May 22, 2013. In this posture, the issues raised are ripe for review.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must cross an "initial threshold," showing "timeliness, a meritorious defense, a lack of unfair prejudice to the

opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,

993 F.2d 46, 48 (4th Cir.1993) (internal quotations omitted). If those conditions are met, the movant

must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4)

the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.

Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

With respect to the catch-all provision of Rule 60(b)(6), courts in this circuit interpret Rule

60(b)(6) narrowly, granting relief only under "extraordinary circumstances." See Valero Terrestrial

Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000); Neumann v. Prudential Ins. Co. of Am., 398 F.

Supp. 2d 489, 492 (E.D.Va. 2005). The decision to grant or deny a Rule 60(b)(6) motion, as with

all Rule 60 motions, is committed to a district court's sound discretion. See Nat'l Org. for Women

v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam); Neumann, 398 F. Supp. 2d at

492.

Defendant seeks relief from the court's March 29, 2013 order on the basis of a recent

unpublished decision of the United States Court of Appeals for the Fourth Circuit which it contends

calls into question the court's order of remand. (Mot. for Relief at 1). In particular, defendant notes

that after the court's order of remand in this case, the Fourth Circuit decided Baker v. Comm'r of

Soc. Sec., No. 12-1709 (4th Cir. May 6, 2013), in which the court stated "[a] subsequent favorable

decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute

new and material evidence under § 405(g)," 2013 WL 1866936, *1, quoting the Sixth Circuit's

decision in Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009).

This court, however, in its remand order noted that the view expressed in <u>Allen</u>, which <u>Baker</u> quotes, is inconsistent with the Fourth Circuit's recent description in a published opinion of "another agency's *disability determination as evidence* of a claimant's condition." <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337, 343 (4th Cir. 2012) (emphasis added). The court described "*all record evidence* relevant to a disability determination" as "including *decisions* by other agencies." <u>Id.</u> (emphasis added). Defendant does not cite <u>Bird</u> in its motion for relief, nor does <u>Baker</u> discuss <u>Bird</u>, even though the language used by <u>Bird</u> describing a disability "decision" as "evidence" is inconsistent with <u>Allen</u>. While <u>Bird</u> involved a remand under sentence four of § 405(g), the reasoning used by the Fourth Circuit in describing an agency decision as evidence itself is a compelling basis for treating the decision by the Social Security Administration as evidence itself here.

In addition, given that "[u]npublished opinions are not binding precedent in this circuit," <u>Baker</u>, 2013 WL 1866936, Slip Copy, the court finds that <u>Baker</u> does not present extraordinary circumstances meriting relief from the court's March 28, 2013, order. Moreover, <u>Baker</u> involved circumstances different from that presented in this case. In particular, the Fourth Circuit reasoned in <u>Baker</u> that the plaintiff had "not met her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal." 2013 WL 1866936 *1. <u>Baker</u> does not specify the date of the subsequent agency decision in that case, nor the nature of the impairments underlying the unfavorable decision that is the subject of the appeal. The present case, by contrast, involves a subsequent decision finding disability commencing in the same month as the prior period of alleged disability, and plaintiff alleges the favorable decision was made on basis of the same impairments for which she previously sought benefits. Thus, the subsequent

decision is evidence itself that calls into question whether all relevant impairments properly were considered in the prior determination.

In sum, in light of the reasoning in <u>Bird</u> and the circumstances presented here, the court finds that the citation to Sixth Circuit authority in a footnote in the unpublished decision in <u>Baker</u> does not provide sufficient basis for the court to revise its remand order.

## CONCLUSION

Based on the foregoing, defendant's motion for relief (DE 31) is DENIED.

SO ORDERED this the 15th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

4